HEMENWAY (WOPE v.). See Case No. 18,042.

HEMINGWAY (FIREMEN'S INS. CO. v.). See Case No. 4,797.

HEMMER (UNITED STATES v.). See Case No. 15,345.

HEMPFIELD R. CO. (FOX v.). See Cases Nos. 5,010 and 5,011.

## Case No. 6,346a.

### HEMPHILL v. DIXON.

[Hempst. 235.] [1]

Superior Court, Territory of Arkansas. Feb., 1834.

BILL OF SALE—SUBSCRIBING WITNESS—PROOF OF SIGNATURE—EVIDENCE.

Where there were two subscribing witnesses to a bill of sale, and the handwriting of one beyond the jurisdiction of the court was proved, and the other testified to the genuineness of his own signature, although he said he had no recollection of the bill of sale, held, that it should have been admitted in evidence.

Appeal from Clark circuit court in an action of detinue [by John L. Hemphill against Mary Dixon].

Before JOHNSON, ESKRIDGE, and CROSS, JJ.

OPINION OF THE COURT. The record presents but a single question, which appears from the bill of exceptions to the opinion of the circuit court, rejecting a bill of sale offered in evidence by the plaintiff, on the ground that its execution was not sufficiently proved. Morgan Cryer and James Cummins were subscribing witnesses to the bill of sale offered as evidence. Morgan Cryer being examined as a witness, stated "that his name, as subscribed as a witness to the bill of sale, was his handwriting, and that the name of James Cummins, the other subscribing witness, was the handwriting of said Cummins; that said James Cummins was in Texas about a month ago, having removed there several years ago; that affiant had no recollection of said bill of sale except the identity of his handwriting." Whereupon the court decided that the execution of the bill of sale had not been sufficiently proved, and refused to permit the same to be read to the jury. We think this decision was erroneous. The supreme court of the United States in the case of Lessee of Clarke v. Courtney, 5 Pet. [30 U. S.] 319, said: "In the ordinary course of legal proceedings, instruments under seal, purporting to be executed in the presence of a witness, must be proved by the testimony of the subscribing witness, or his absence sufficiently accounted for. When he is dead or cannot be found, or is without the jurisdiction, or is otherwise incapable of being produced, the next best secondary evidence is the proof of his handwriting, and that, when proved, affords prima facie evidence of a due execution of the instrument."

In the case before the court, there were two subscribing witnesses to the bill of sale offered in evidence, one of whom stated upon his examination that his name as subscribed as a witness, was in his handwriting; that the name of the other subscribing witness, James Cummins, was the handwriting of Cummins, and that Cummins was in

[1] [Reported by Samuel H. Hempstead, Esq.]

Texas, beyond the jurisdiction of the court. The non-production of the witness who was beyond the jurisdiction being satisfactorily accounted for, proof of his handwriting was properly received, and such proof, taken in connection with the testimony of Morgan Cryer the other subscribing witness to the instrument, afforded, in our opinion, prima facie evidence of the due execution of the bill of sale offered in evidence, and the same ought to have been read to the jury. Morgan Cryer stating that he had no recollection of the bill of sale, except the identity of his handwriting, presents, it is true, some difficulty; but still we think there was prima facie evidence of the due execution of the bill of sale, so far, at least, as to authorize it to be given in evidence to the jury.

Judgment reversed.